ORIGINAL

Luis Sancho
PO Box 411
Honomu, HI 96728
808-964-5535
*pro se*

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 21 2008

at 3 o'clock and 30 min P. M.
SUE BEITIA, CLERK

### IN THE UNITED STATES DISTRICT COURT

### DISTRICT OF HAWAII

--oo0oo--

| | |
|---|---|
| LUIS SANCHO, et al., | Civil No. CV08 00136 HG KSC |
| Plaintiffs | **AFFIDAVIT OF RICHARD J. WAGNER IN SUPPORT OF TRO AND PRELIMINARY INJUNCTION** |
| vs. | |
| US DEPARTMENT OF ENERGY, et al., | |
| Defendants | |

### AFFIDAVIT OF RICHARD J. WAGNER IN SUPPORT OF TRO AND PRELIMINARY INJUNCTION

I, Richard J. Wagner, affirm state and declare, under penalty of perjury of the laws of the State of Hawaii, as follows:

1. I am an engineer and scientist with extensive training in the fields of electronics, mechanics, computer science, and robotics. I obtained my undergraduate

degree in mechanical engineering in 1979 at the *University of Hawaii*, a Master's Degree in Computer Science at the *University of Southern California* (USC) in 1994, and a Ph.D. in robotics and artificial intelligence from USC in 1997.

2.  I was formerly a member of the *United States Air Force* from 1969 to 1979, during which time I acquired extensive expertise in electronics and communications.

3.  Commencing since 1980 I have worked continuously and extensively for a major southern California aerospace engineering firm in spacecraft integration and test. This work includes detailed experience in safety, failure modes and effects analysis, risk analysis, and other safety related issues. I am a computer scientist, robotics researcher, teacher, mentor of students, and spacecraft engineer in this work capacity.

4.  As a manager of integration and test projects in the development and production of spacecraft, I have substantial experience in risk management. Risk is the product of the cost of an undesired event occurring and the probability of that occurrence. The higher the cost, the smaller the probability must be for a risk to be acceptable. In the case where the cost is the loss of all life on earth and all future life, the probability must be shown to be correspondingly small [much less than ten to the minus eighteen power ("Review of the RHIC Safety Review," Richard J. Wagner, June 29, 2000)].

5.  The probability of a devastating accident at CERN's LHC has never been shown to be anywhere approaching that small, though such risks have been identified as existent by numerous persons competent in the field. To date, those risks have not been quantified, and no adequate safety analysis has been performed. To operate

2

such a potentially dangerous machine without adequate safety assurance is unimaginably unconscionable.

6.    In May of 2000, R. L. Jaffe, W. Busza, J. Sandweiss, and F. Wilczek wrote "Review of Speculative 'Disaster Scenarios' at RHIC." In June of that year I published (on the Web) my "Review of the RHIC Safety Review" that demonstrated the falsity of all four of their arguments that purported to establish elimination of risk in their safety analysis of the Relativistic Heavy Ion Collider (RHIC). Now, in 2008, CERN is preparing to operate the Large Hadron Collider (LHC) without having gone through an adequate safety review process, instead essentially relying on the earlier debunked RHIC safety review, though it would be operating at far higher energy and correspondingly greater risks.

7.    Their most recent safety review report [LSAG Report], to replace their earlier debunked report, has not been published in January, 2008 as promised, and CERN, the originator of the report, has an interest in operating the LHC on their schedule. An adequate safety conclusion must have independent input, consensus, and review, and be free from artificial management-imposed constraints.

8.    A delay in the operation of the LHC while safety is adequately assessed by a broadly based committee will not result in undue degradation of the LHC facility. A delay will increase CERN administrative cost by a small amount, of course, but risk management is intended, in the course of its application, to establish, among other things, the cost necessary to demonstrate a sufficiently low probability of destruction. That has not yet been done, and not doing it is morally inexcusable.

9. The community of concerned scientists and citizens needs at least six months from the time of publication of CERN's promised new LSAG safety review document in order to subject it to adequate peer review and analysis and to identify any errors in it if they should occur.

10. Accordingly, it is imperative that this Court issue a Temporary Restraining Order prohibiting the US Department of Energy and its partner CERN from commencing operation of the LHC pending thorough review of the LSAG safety review document by the scientific community, and for a minimum of six months from release of the LSAG document.

DATED: March 12, 2008

*Richard J. Wagner* (signature)
Richard J. Wagner

## NOTARIZATION

Before me, the undersigned Notary, today appeared Richard J. Wagner, known to me to be the person whose name is subscribed to the foregoing instrument, who being by me first duly sworn on his oath, deposes and says the text of this affidavit on this 12 day of March, 2008.

_____
Notary Public, State of California

*Smita Patel* (signature)
(Typed or Printed Name of Notary)

SMITA PATEL
Commission # 1490880
Notary Public - California
Los Angeles County
My Comm. Expires Jun 6, 2008

My commission expires: 6/6/08                     [seal]

[Note: the Notary will sign and affix his/her notary seal, which should include the state where issued, and the expiration date.]