# FEDERAL DEFENDANTS' EXHIBIT B

<u>Wagner v. U.S. Dep't of Energy</u>

Civil No. 08-00136-HG-KSC (D. Haw.)

**FILED**

JUN 11 1999

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER L. WAGNER, | No. C99-02226 MMC |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S REQUEST FOR TEMPORARY RESTRAINING ORDER** |
| v. | |
| U.S. DEPT OF ENERGY, et al., | |
| Defendants. | |

## INTRODUCTION AND BACKGROUND

Before the Court is plaintiff's May 14, 1999 complaint and request for a temporary restraining order ("TRO"). Plaintiff, a nuclear scientist, alleges that defendants have constructed a Relativistic Heavy Ion Collider ("RHIC") for the purpose of colliding gold and other atoms together at very high speeds, for the purpose of creating a new kind of matter. Plaintiff alleges that said RHIC will be operational on or before June 15, 1999. Plaintiff seeks to enjoin the use of the RHIC for the reason that this new kind of matter could undergo a spontaneous nuclear-fusion reaction, resulting in loss of life. Plaintiff also seeks to have access to the RHIC site for purposes of ensuring compliance with any temporary restraining order issued.

The Court on May 18, 1999 set the following briefing schedule. Defendants were to file an opposition, if any, to the request for a TRO on or before May 21, 1999,[1] and plaintiff was to file a reply, if any, no later than May 28, 1999. The Court indicated in the May 18,

---

[1] The parties stipulated to permit defendant to file its opposition on May 24, 1999. On June 2, 1999 and June 8, 1999, respectively, plaintiff submitted a supplemental affidavit and second supplemental affidavit, which the Court has considered as well.

1999 order that, when the briefing was completed, it would determine whether to order a hearing on the matter. The matter is now fully briefed.[2] Having reviewed the papers submitted in support of and in opposition to the motion, the Court finds the matter appropriate for resolution on the papers.

## DISCUSSION

### A.  Legal Standard

In the Ninth Circuit, a court considering an application for a temporary restraining order is guided by the standards governing the issuance of preliminary injunctions. Citizens Alliance To Protect Our Wetlands v. Wynn, 908 F. Supp. 825, 829 (W.D. Wash. 1995) (citation omitted). To prevail on such a motion, a plaintiff must show "(1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to [the moving party] if the preliminary relief is not granted, (3) a balance of hardships favoring the [the moving party], and (4) advancement of the public interest (in certain cases)." Johnson v. California State Board of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995), (quoting Dollar Rent A Car v. Travelers Indem. Co., 774 F.2d 1371, 1374 (9th Cir. 1985)). Alternatively, a court may issue a preliminary injunction if the moving party demonstrates either "(1) a combination of probable success on the merits and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in the moving party's favor." Id. (quoting Martin v. Int'l. Olympic Comm., 740 F.2d 670, 675 (9th Cir. 1984)). Under the last part of this alternative test, even if the balance of hardships tips sharply in the moving party's favor, "it must be shown as an irreducible minimum that there is a fair chance of success on the merits." Id. (quoting Martin, 740 F.2d at 675). These two alternate formulations of the standard for a preliminary injunction "are not different tests but represent two points on a sliding scale in which the degree of irreparable harm

---

[2] The Court received opposition from the United States Department of Energy ("DOE"), in which the DOE asserts that the remaining defendants are not government entities. The additional defendants are the National Laboratory System, the RHIC Accelerator Group at Brookhaven, and Satoshi Ozaki, in his official capacity as Director of RHIC Group.

increases as the probability of success on the merits decreases." Associated General Contractors of California, Inc. v. Coalition for Economic Equity, 950 F.2d 1401, 1410 (9th Cir. 1991) (quoting Big Country Foods, Inc. v. Board of Education of the Anchorage School District, 868 F.2d 1085, 1088 (9th Cir. 1989)). Under either formulation of the test, the party seeking the injunction must demonstrate that it will be exposed to some significant risk of irreparable injury. Id. (citing Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668 (9th Cir. 1988)).

B. Analysis

1. The merits of plaintiff's claim

First, plaintiff has not made a sufficient showing as to his likelihood of success on the merits.[3] Plaintiff does not identify in the complaint the legal theories upon which he relies. Plaintiff, in his reply, asserts for the first time that he is suing under the "deprivation of life and property clause of the U.S. Constitution." (Reply at 7). Plaintiff does not cite any authority to support his assertion that the Fourteenth Amendment permits an individual to enjoin a government agency from funding a project on the grounds that the project is dangerous. An injunction to prevent government functions from being exercised is generally only permitted in "extraordinary circumstances." Rizzo v. Goode, 423 U.S. 362, 379 (1976). A plaintiff seeking an injunction against government functioning faces a high hurdle because of "the well-established rule that the Government has traditionally been granted the widest latitude in the dispatch of its own internal affairs." Id. at 378 (internal quotations omitted). Plaintiff has not overcome this hurdle.

2. Irreparable Injury

Plaintiff's showing with respect to injury is his declaration attached to the complaint. In the declaration, plaintiff explains in greater detail the basis for his opinion that the RHIC presents a danger to the public. Among the attachments to the declaration are several

---

[3] The DOE raises issues of sovereign immunity on its own behalf as well as jurisdiction and venue on behalf of the additional defendants. The Court will address the sufficiency of plaintiff's showing without deciding these procedural issues.

3

articles written about the RHIC project. None of the articles, however, predicts a life-threatening event as a result of the operation of the facility. At best, one of the articles suggests that the facility may potentially create unfamiliar matter.

In opposition, defendants have submitted a declaration of Thomas Ludlam, Ph.D., Associate Project Director for the RHIC Project. Ludlam, who has spoken with plaintiff about the safety of the project, believes that "Mr. Wagner is wrong" about his predictions of an out-of-control chain reaction. (Ludlam dec. at 2). Ludlam states, "Nearly a thousand scientists from around the world, experts in the physics of nuclear interactions, have been involved in the design of experiments at RHIC. All are familiar with the type of reactions that can lead to the production of 'strange quark matter,' referred to by Mr. Wagner. Numerous of the most respected scientists in the field have been consulted on the specific issue of whether an out-of-control chain reaction is possible, and have concluded, on the basis of existing experimental data and basic laws of physics, that such a scenario is not possible at the RHIC facility." (Ludlam dec. at 2).

Plaintiff has not demonstrated that his risk of future harm is imminent. Rather, when coupled with the lack of supporting authority and the weight of authority to the contrary, plaintiff's affidavit is speculative and, hence, fails to justify the issuance of a TRO. See Los Angeles v. Lyons, 461 U.S. 95, 111 (1983) (holding that irreparable injury means a "likelihood of substantial and immediate irreparable injury" and that a speculative claim of future injury is insufficient).

## CONCLUSION

For the reasons expressed, plaintiff's request for a temporary restraining order is hereby DENIED.

**IT IS SO ORDERED.**

Dated: JUN 1 1 1999

MAXINE M. CHESNEY
United States District Judge

4