# FEDERAL DEFENDANTS' EXHIBIT H

Wagner v. U.S. Dep't of Energy

Civil No. 08-00136-HG-KSC (D. Haw.)

05/30/00 16:34 FAX 516 832 7555    NIXON PEABODY LLP                           ☒002
Case 1:08-cv-00136-HG-KSC   Document 15-9   Filed 06/24/08   Page 2 of 4   PageID #: 224

------------------------------------------------------------X

WALTER L. WAGNER,

                Plaintiff,

  -against-

                                                                ORDER
                                                                00-CV-1672 (JG)

BROOKHAVEN ASSOCIATES,

                Defendant.

------------------------------------------------------------X

JOHN GLEESON, United States District Judge:

        For the reasons discussed below, this case is dismissed.

        In May 1999, plaintiff filed a complaint and request for a temporary restraining order in the United States District Court for the Northern District of California seeking to enjoin certain operations at the Relativistic Heavy Ion Collider ("RHIC"), which he predicted could lead to creation of a new form of matter and, ultimately, destruction of the planet. The complaint named the Department of Energy and several scientists involved in running the RHIC as defendants. The Honorable Maxine Chesney declined to issue a TRO on June 11, 1999, and subsequently denied two motions to reconsider.

        On March 3, 2000, plaintiff filed a complaint and request for a temporary restraining order in the United States District Court for the Southern District of New York seeking the same relief. The complaint named Brookhaven Science Associates, which operates the RHIC on behalf of the Department of Energy, as defendant. On March 13, 2000, the Honorable Harold Baer, Jr., transferred the action to this district.

05/30/00 TUE 15:36 [TX/RX NO 7728]

I subsequently declined to issue preliminary injunctive relief and ordered the plaintiff to show cause why his complaint should not be dismissed because, inter alia, it duplicates his California action.

During the briefing on that order, the plaintiff continued to actively prosecute the California action. Specifically, in submissions dated May 6, 2000, he renewed his request for injunctive relief and sought to amend his complaint.

I conclude that the plaintiff has failed to show cause why this case should not be dismissed for violation of the "first-to-file rule."[1] First City Nat'l Bank & Trust Co. v. Simmons, 878 F.2d 76, 79 (2d Cir. 1989). The plaintiff argues that his case qualifies for the "special circumstances" exception to that rule, id., but he misunderstands the relevant legal principles. Special circumstances may allow a plaintiff to proceed with a later-filed action when that plaintiff is a *defendant* in the first-filed case. In such a situation, the plaintiff in the later-filed action had no control over where the first action was filed.

The situation here is different, for Wagner is the plaintiff in *both* actions. It is of no import that the defendants in the two cases are nominally different; the two suits raise precisely the same issues and seek precisely the same relief. Moreover, Wagner has not abandoned the first case; to the contrary, he is actively prosecuting it. The plaintiff instituted this litigation in California, and he must now live with that decision.[2] My conclusion is reinforced by the fact that the plaintiff instituted his New York action only after being denied injunctive relief

---

[1] I need not reach the other asserted grounds for dismissing the complaint.

[2] I express no view on whether venue is proper in California.

-2-

in California.

       The complaint is dismissed. The plaintiff's renewed request for injunctive relief and request for a default judgment are denied. The Clerk is directed to enter judgment against plaintiff and close this case.

So Ordered.

_____
John Gleeson, U.S.D.J.

Dated: May 26, 2000
      Brooklyn, New York