EDWARD H. KUBO, JR. (2499)
United States Attorney
District of Hawaii
DERRICK K. WATSON (Cal. Bar No. 154427)
Assistant United States Attorney
District of Hawaii

RONALD J. TENPAS
Assistant Attorney General
Environment and Natural Resources Division
ANDREW A. SMITH (NM Bar #8341)
Trial Attorney
United States Department of Justice
Environment and Natural Resources Division
c/o U.S. Attorneys Office
P.O. Box 607
Albuquerque, New Mexico 87103
Telephone:  (505) 224-1468/Facsimile: (505) 346-7205
E-mail:  andrew.smith@usdoj.gov
Attorneys for Federal Defendants
U.S. DEPARTMENT OF ENERGY
and NATIONAL SCIENCE FOUNDATION

## UNITED STATES DISTRICT COURT

## DISTRICT OF HAWAII

| | |
|---|---|
| LUIS SANCHO and<br>WALTER L. WAGNER,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT<br>OF ENERGY, *et al.*,<br><br>Defendants. | Civil No. 08-00136-HG-KSC<br><br>**FEDERAL DEFENDANTS' REPLY IN SUPPORT OF COMBINED MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT**<br><br>DATE:  September 2, 2008<br>TIME:  10:00 a.m.<br>The Honorable Helen Gillmor |

On June 24, 2008, Federal Defendants United States Department of Energy ("DOE") and the National Science Foundation ("NSF") filed their "Combined Motion to Dismiss and Motion for Summary Judgment," Dkt. No. 14, and supporting materials, see Dkt. Nos. 15-20.  On June 25, 2008, this Court set a hearing on Federal Defendants' Motion for September 2, 2008.  Dkt. No. 21. Pursuant to Local Rule 7.4, Plaintiffs' opposition to Federal Defendants' Motion was due on or before August 15, 2008.  See L.R. 7.4 ("An opposition to a motion set for hearing shall be served and filed not less than eighteen (18) days prior to the date of hearing.").  Although Plaintiffs had almost two months to prepare and file a response to Federal Defendants' Motion, and have been actively filing other materials in this case (see Dkt. Nos. 22-25, 28-34), Plaintiffs failed to file or serve any opposition to Federal Defendants' Motion by their August 15 deadline.[1]

Plaintiffs' failure to respond to Federal Defendants' Motion by their August 15 deadline leaves Federal Defendants' arguments that Plaintiffs' Complaint should

---

[1] At the same time that Federal Defendants were preparing to file this reply, the United States Attorneys Office in Hawaii received by U.S. mail a copy of a 27-page brief--purporting to be in opposition to Federal Defendants' Motion--dated August 20, 2008, postmarked August 21, 2008, and signed only by pro se Plaintiff Walter L. Wagner.  This brief does not appear on the Court's docket, and to Federal Defendants' knowledge has not been filed.  In the event that this brief is filed and appears on the Court's docket in the future, Federal Defendants will respond appropriately.  Federal Defendants are unaware, however, of Plaintiffs seeking or obtaining leave from the Court to file its brief out of time.

be dismissed unrebutted.  Federal Defendants' Motion demonstrates, among other things, that Plaintiffs' claims should be rejected because Plaintiffs lack standing, Plaintiffs' claims are moot, and Plaintiffs' claims are barred by the applicable statute of limitations.  These defenses are dispositive of Plaintiffs' claims.

Plaintiffs bear the burden of establishing this Court's subject matter jurisdiction.  See, e.g., Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996); see also Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction . . . .  It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.") (citations omitted).  Under Federal Rule of Civil Procedure 12(b)(1), "[o]nce the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction."  Savage v. Glendale Union High School, Dist. No. 205, Maricopa County, 343 F.3d 1036 (9th Cir. 2003) (citing St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989)).  By failing to respond to Federal Defendants' motion to dismiss for lack of subject matter jurisdiction in a timely

manner, Plaintiffs have failed to meet their burden of overcoming the presumption that this Court lacks subject matter jurisdiction over Plaintiffs' claims.

Similarly, Plaintiffs' failure to respond in a timely manner to Federal Defendants' motion for summary judgment on the basis that Plaintiffs' claims regarding construction of the Large Hadron Collider are barred by the applicable six-year statute of limitations, 28 U.S.C. § 2401(a), dictates that, in the alternative, summary judgment should be granted in favor of Federal Defendants.  Pursuant to Local Rule 56.1(g), Plaintiffs are deemed to have admitted the facts set forth in Federal Defendants' "Concise Statement of Facts in Support of Motion for Summary Judgment," Dkt. No. 16.  See L.R. 56.1(g) ("For purposes of a motion for summary judgment, material facts set forth in the moving party's concise statement will be deemed admitted unless controverted by a separate concise statement of the opposing party.").  Federal Defendants' uncontroverted facts demonstrate that Plaintiffs' cause of action, if any, accrued more than six years prior to the filing of the Complaint.  Therefore, even if the Court had jurisdiction to hear Plaintiffs' claims, Plaintiffs' claims regarding construction of the Large Hadron Collider are barred by the statute of limitations.

As set forth in Federal Defendants' June 24, 2008 "Combined Motion to Dismiss and Motion for Summary Judgment," Dkt. No. 14, the Court lacks

jurisdiction to hear Plaintiffs' claims, and Plaintiffs' claims regarding construction

of the Large Hadron Collider are barred by the statute of limitations.  Plaintiffs

have failed to challenge or rebut any of the arguments in Federal Defendants'

Motion in a timely manner.  Federal Defendants therefore respectfully request that

//        //

//        //

//        //

//        //

//        //

//        //

//        //

//        //

//        //

//        //

//        //

//        //

//        //

//        //

//        //

the Court grant Federal Defendants' Motion, dismiss Plaintiffs' Complaint, and

enter a final judgment terminating this litigation.[2]

Respectfully submitted this 22nd day of August 2008.

> Respectfully submitted,
> EDWARD H. KUBO, JR. (2499)
> United States Attorney
> District of Hawaii
> /s/ Derrick K. Watson
>
> _____
> DERRICK K. WATSON
> (Cal. Bar #154427)
> Assistant United States Attorney
> District of Hawaii
>
> RONALD J. TENPAS
> Assistant Attorney General
> Env't & Natural Resources Div.
> ANDREW A. SMITH (N.M. Bar #8341)
> Trial Attorney
> Natural Resources Section
> Env't & Natural Resources Div.
> United States Department of Justice
>
> Attorneys for Federal Defendants
> U.S. Department of Energy and
> National Science Foundation

_____

[2] Federal Defendants note that Plaintiffs have filed a motion for a default judgment against Defendant CERN, Dkt. Nos. 28-29.  Because the Court must ensure it has jurisdiction prior to entering a default judgment, Federal Defendants respectfully suggest that the Court should consider staying briefing on Plaintiffs' motion for a default judgment until after the Court decides Federal Defendants' Motion, which seeks dismissal of the entire case based on lack of subject matter jurisdiction.

*Of Counsel*:

Caroline M. Blanco
Assistant General Counsel
Office of the General Counsel
National Science Foundation
Arlington, VA

Steve Dove
Attorney
Office of the General Counsel
U.S. Department of Energy
Washington, D.C.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on August 22, 2008, true and correct copies of the foregoing were served on the following individuals by United States mail, first class postage prepaid:

> LUIS SANCHO
> P.O. Box 411
> Honomu, Hawaii 96728
>
> WALTER L. WAGNER
> P.O. Box 881
> Pepeekeo, Hawaii 96783
>
> MARTIN S. KAUFMAN
> Atlantic Legal Foundation
> 2039 Palmer Avenue
> Larchmont, New York 10538

<u>and by the Court's ECF System on</u>:

> Robert M. Kohn
> Price Okamoto Himeno & Lum
> rkohn@pohlhawaii.com

/s/ Derrick K. Watson

_____

DERRICK K. WATSON
Assistant United States Attorney