ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

AUG 26 2008

at __ o'clock and __ min __ M.
SUE BEITIA, CLERK

Luis Sancho
Walter L. Wagner
PO Box 411
Honomu, HI  96728
808-964-5535
*pro se*

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF HAWAII

--ooOoo--

| | |
|---|---|
| LUIS SANCHO, et al., ) | Civil No.  CV08-00136 HG |
| ) | |
| Plaintiffs, ) | **REBUTTAL TO "FEDERAL** |
| ) | **DEFENDANTS' REPLY IN** |
| vs. ) | **SUPPORT OF COMBINED** |
| ) | **MOTION TO DISMISS AND** |
| US DEPARTMENT OF ENERGY, ) | **FOR SUMMARY JUDGMENT"** |
| et al., ) | |
| ) | Date:   Sept. 2, 2008 |
| Defendants. ) | Time:   10:00 A.M. |
| ) | Court:  Hon. Helen Gillmor |

REBUTTAL TO "FEDERAL DEFENDANTS' REPLY IN SUPPORT OF
COMBINED MOTION TO DISMISS AND FOR SUMMARY JUDGMENT"

Plaintiffs respectfully rebut the *FEDERAL DEFENDANTS' REPLY IN SUPPORT OF COMBINED MOTION TO DISMISS AND FOR SUMMARY JUDGMENT* pursuant to Local Rule 56.1 and Federal Rules of Civil Procedure [FRCP] Rule 56, as follows:

Plaintiffs relied upon Local Rule 56.1 [Motions for Summary Judgment] and the FRCP Rule 56 [Summary Judgment] in preparing their opposition to federal government defendants' combined motion for summary judgment and dismissal.

Local Rule 56.1, 2004 version, which is the local rule to cover summary judgment motions specifically, rather than other types of motions generally [covered by Local Rule 7.4] presents no time limitations on the filings for summary judgment made pursuant thereto. Plaintiffs instead looked to FRCP 56, pertaining to motions for Summary Judgment for the time limitations. Their Opposition pleading was timely filed with respect to that FRCP Rule 56, 2008 version, and was therefore also timely filed with respect to the Local Rule 56.1 that covers motions for summary judgment specifically.

However, federal defendants now argue that plaintiffs should have met the filing requirement under Local Rule 7.4, which pertains to other types of motions other than summary judgment motions. Instead, they

assert that it also covers summary judgment motions, and supplants the Federal Rules of Civil Procedure thereon.

This appears to be an unresolved conflict of the rules, though if this Court determines that Local Rule 7.4 is additive with respect to the specific Local Rule pertaining to motions for summary judgment, plaintiffs would point out that there are no provisions therein as to what should occur if the time limitation requirement is not met, and would suggest that the Court should thus use its sound discretion to rule whether a filing was appropriately filed in a reasonably timely manner by looking to see whether the opposing party was in any manner prejudiced by the time allowed for the Reply.

In the Reply briefing submitted by federal defendants there is no showing, or attempt to show, that they were in any manner prejudiced by plaintiffs adhering to the filing time requirements of Federal Rules of Civil Procedure, Rule 56 [summary judgment motions] and Local Rule 56.1 [summary judgment motions]. Absent such a showing, plaintiffs submit that this Court should hold that such filing by plaintiffs pursuant to FRCP Rule 56 adequately meets the combined requirements of Local Rule 56.1 and Local Rule 7.4

Moreover, it is brought to this Court's attention that the originally submitted motion presented by government defendants <u>failed to comply with the requirements of Local Rule 56.1</u>, and accordingly the motion was improperly filed and should be stricken.

Specifically, Local Rule 56.1(c) requires a <u>Concise Statement</u> of the material facts alleged to be undisputed, and therefore something the Court can sink its teeth into when determining whether summary judgment is appropriate. This is likely an important document for the Court's consideration, as it is detailed as to how to prepare it in Local Rule 56.1(d). Plaintiffs searched through the voluminous pleadings, exhibits, declarations, and attachments filed by defendants, but found no <u>Concise Statement</u> to which they could present a rebuttal of facts. Accordingly, they presented their rebuttal of facts by way of their affidavits submitted, as well as by way of their Memorandum of Law.

In that the Local Rule 56.1 does anticipate an ability for a moving party to have the facts concisely summarized so that the responding party may in turn have an opportunity to concisely rebut same, and failure to do so prejudices not only the responding party, but this honorable Court as well, it is respectfully requested that the combined motion for summary

4

judgment and dismissal be stricken for failing to comply with Local Rule 56.1, and the motion accordingly be denied.

Finally, it is to be noted that this Court is obligated to be cognizant of all the factual affidavits on file herein no matter when filed, and based thereon, to make a determination as to whether a triable issue of material fact exists and if summary judgment is appropriate. In doing so, this Court will find, as per the Memorandum of Law submitted by plaintiffs, that summary judgment is inappropriate, and that plaintiffs' case should proceed.

WHEREFORE, it is respectfully requested that defendants' motion be denied, and that the government defendants be allowed 20 days in which to file an answer to the complaint. It is further requested, pursuant to FRCP Rule 56(g), that plaintiffs be awarded their costs in responding to this motion.

Dated:   August 23, 2008

_/s/ Walter L. Wagner_
Walter L. Wagner

_____
Luis Sancho

5