UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
300 ALA MOANA BLVD., C-338
HONOLULU, HAWAII 96850-0338

CLERK

OFFICIAL BUSINESS
RETURN SERVICE REQUESTED

CV 08-00136-HG-KSC

ANK

LUIS SANCHO
P.O. BOX 411
HONOMU, HI 96728

NIXIE        968  DE  1        00  08/30/10
          RETURN TO SENDER
          ATTEMPTED - NOT KNOWN
          UNABLE TO FORWARD
BC: 96850497199        *2272-08744-30-21



PRESORTED
FIRST CLASS

02 1R
0006560464
AUG 25 2010
$ 00.53⁹
MAILED FROM ZIP CODE 96817

FILED

**NOT FOR PUBLICATION**

AUG 24 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUIS SANCHO; WALTER L. WAGNER, | No. 08-17389 |
| Plaintiffs - Appellants, | D.C. No. 1:08-cv-00136-HG-KSC |
| v. | MEMORANDUM* |
| U.S. DEPARTMENT OF ENERGY; FERMILAB; CENTER FOR NUCLEAR ENERGY RESEARCH, (CERN); NATIONAL SCIENCE FOUNDATION; DOE ENTITIES, 1-100, | |
| Defendants - Appellees. | |

RECEIVED
CLERK U.S. DISTRICT COURT
AUG 31 2010
DISTRICT OF HAWAII

Appeal from the United States District Court
for the District of Hawaii
Helen Gillmor, Senior District Judge, Presiding

Argued and Submitted June 17, 2010
Honolulu, Hawaii

Before: B. FLETCHER, PREGERSON and CLIFTON, Circuit Judges.

Walter L. Wagner ("Wagner") appeals the district court's dismissal of his

claim against the United States Department of Energy, the National Science

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Foundation (collectively, "the U.S. government"), and others. The parties are familiar with the facts of this case, which we repeat here only to the extent necessary to explain our decision. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

This court can affirm on any ground supported by the record. *Cook v. AVI Casino Enters., Inc.*, 548 F.3d 718, 722 (9th Cir. 2008). We review questions of standing de novo, *Mayfield v. United States*, 599 F.3d 964, 970 (9th Cir. 2010), and factual findings for clear error. *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009). To establish standing, Wagner must demonstrate (1) an "injury in fact," (2) "a causal connection between the injury and the conduct complained of" that is not attributable to "the independent action of some third party not before the court," and (3) a likelihood that a favorable decision will redress the injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

Wagner cannot demonstrate that he has standing. A plaintiff alleging a procedural injury, such as Wagner, must still establish injury in fact. *See Laub v. U.S. Dep't. of Interior*, 342 F.3d 1080, 1086 (9th Cir. 2003). Injury in fact requires some "credible threat of harm." *Cent. Delta Water Agency v. United States*, 306 F.3d 938, 950 (9th Cir. 2002). At most, Wagner has alleged that experiments at the Large Hadron Collider (the "Collider") have "potential adverse consequences."

Speculative fear of future harm does not constitute an injury in fact sufficient to confer standing. *Mayfield*, 599 F.3d at 970.

Even if Wagner has demonstrated injury in fact, he nevertheless fails to satisfy the causality or redressability prongs set out in *Lujan*. The European Center for Nuclear Research ("CERN") proposed and constructed the Collider, albeit with some U.S. government support. The U.S. government enjoys only observer status on the CERN council, and has no control over CERN or its operations. Accordingly, the alleged injury, destruction of the earth, is in no way attributable to the U.S. government's failure to draft an environmental impact statement.

CERN maintains total ownership, management, and operational control of the Collider. CERN has never been properly served, and is not a party to this case. Even if this court were to render a decision in Wagner's favor, such a decision would have no impact on CERN or Collider operations, and would not afford Wagner the relief he seeks.[1]

**AFFIRMED.**

---

[1] Because our determination of standing is not dependent on the identity of the Appellant, we need not address whether Luis Sancho is a party to this appeal.

## Appeal Documents

1:08-cv-00136-HG-KSC Sancho v. U.S. Department of Energy et al **CASE CLOSED on 09/26/2008**

## U.S. District Court

## District of Hawaii

## Notice of Electronic Filing

The following transaction was entered on 8/25/2010 at 12:42 PM HST and filed on 8/24/2010

**Case Name:** Sancho v. U.S. Department of Energy et al
**Case Number:** 1:08-cv-00136-HG-KSC
**Filer:**
**WARNING: CASE CLOSED on 09/26/2008**
**Document Number:** 107

**Docket Text:**
**USCA MEMORANDUM as to [96] Notice of Appeal, filed by Luis Sancho. ~ AFFIRMED ~ (afc)**

### CERTIFICATE OF SERVICE
Participants registered to receive electronic notifications received this document electronically at the e-mail address listed on the Notice of Electronic Filing (NEF). Participants not registered to receive electronic notifications were served by first class mail on the date of this docket entry

**1:08-cv-00136-HG-KSC Notice has been electronically mailed to:**

Robert M. Kohn   rkohn@pohlhawaii.com, dgoya@pohlhawaii.com

Derrick K. Watson   derrick.watson@usdoj.gov, ann.yuuki@usdoj.gov, jan.yoneda@usdoj.gov, jayna.reynon@usdoj.gov

Andrew A. Smith   andrew.smith@usdoj.gov, andrew.smith6@usdoj.gov

**1:08-cv-00136-HG-KSC Notice will not be electronically mailed to:**

Luis Sancho
556 E 3050 N
Provo, UT 84604-4254

Martin S. Kaufman

Atlantic Legal Foundation
2039 Palmer Avenue
Larchmont, NY 10538

Walter L. Wagner
556 E 3050 N
Provo, UT 84604

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1095854936 [Date=8/25/2010] [FileNumber=940893-0]
[1a974849a9ea380a471db00c5c712dc164a0ad00d6cb613cf5e6f954489dbcf03eb2
d29f523b552b40a649cfb13fd3c2b4410b0d03ab8ad7c2b1f33995579d6e]]